IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| CONTINENTAL INTERMODAL GROUP – TRUCKING LLC<br>    Plaintiff,<br> v.<br>SAND REVOLUTION LLC,<br>SAND REVOLUTION II, LLC<br>    Defendants. | )<br>)<br>) Case No. 7:18-cv-147<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

Plaintiff Continental Intermodal Group – Trucking LLC ("CIG"), alleges against defendants Sand Revolution LLC and Sand Revolution II, LLC (collectively, "Sand Revolution") as set forth below.

**THE PARTIES**

1. CIG is an Oklahoma limited liability company with its principal place of business at 420 Throckmorton, Suite 550, Fort Worth, Texas 76102.  CIG is, and at all times mentioned herein has been, qualified to do business in the State of Texas.

2. Upon information and belief, both Sand Revolution LLC and Sand Revolution II, LLC are Texas limited liability companies with their principal place of business at 10800 West County Road 72, Midland, Texas 79707.  Sand Revolution LLC's registered agent is located at 12349 Tierra Alamo Dr., El Paso, Texas 79938.  Sand Revolution II, LLC's registered agent is located at 518 Peoples Street, Corpus Christi, TX 78401.  Upon information and belief, Sand Revolution LLC and Sand Revolution II, LLC are affiliated through overlapping management and/or ownership interests.

**JURISDICTION AND VENUE**

3. This action arises under the patent laws of the United States, 35 U.S.C. §§ 271,

1

281–285. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Sand Revolution LLC and Sand Revolution II, LLC are subject to personal jurisdiction in this District and subject to this Court's specific and general jurisdiction, pursuant to due process, on the grounds that they reside in this District and/or the State of Texas, have committed acts of patent infringement in this District and the State of Texas, and regularly conduct and/or solicit business, engage in other persistent courses of conduct, and/or derive substantial revenue from the sale of services to persons or entities in this District and the State of Texas.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1400(b) because both Sand Revolution LLC and Sand Revolution II, LLC reside in this District and/or have committed acts of infringement and have a regular and established place of business in this District.

**FACTUAL BACKGROUND**

6. CIG is a leading logistics provider offering comprehensive transloading, inventory management, transportation, and storage solutions for the oil and gas industry. More specifically, and in pertinent part, CIG provides innovative and efficient "last mile" services to oil field customers, delivering necessary oil field materials to the well site and providing services and equipment that allow for the management and storage of such materials on-site once delivered.

7. In the oil and gas and other industries, certain activities require large amounts of granular material. For example, hydraulic fracture (or "frac") drilling in the oil and gas industry involves pumping fracturing fluid and a granular proppant material (typically sand) into a well to create and prop open fractures in rock. This requires large amounts of proppant to be transported to and stored at remote well locations.

8. Among the solutions that CIG provides is its innovative modular proppant handling

system, which includes (i) a mobile unit for on-site proppant storage, (ii) a delivery unit for delivering proppant from the mobile storage unit to a specified location, and (iii) a highly maneuverable belt loader vehicle efficiently transferring proppant from incoming delivery vehicles to one or more mobile storage units at the well site.

9. Unlike other prior systems, CIG's proppant handling system may be set up and broken down quickly and efficiently, without the need for external machinery, such as a crane, to hoist storage units into position. Likewise, CIG's system has a much smaller overall footprint, allowing for flexible placement of storage units and easier coordination with incoming delivery vehicles. The system is easily controlled, and eliminates the need for pneumatic blowers to fill storage units. This array of features and differences, among others, combine to give CIG's system significant advantages in the market.

10. CIG currently operates its proppant handling system throughout the Permian, Delaware, Midland, Powder River, and Denver-Julesburg Basins, as well as in the Bakken Formation.

11. Numerous aspects of CIG's system are subject to patent protection. CIG, for example, is the legal owner of U.S. Patent No. 8,944,740 (the "'740 Patent"), which is titled "Mobile Material Handling and Metering System," and includes claims directed to systems and methods for handling granular material. The '740 Patent was duly and legally issued on February 3, 2015 and is valid. CIG is the assignee and owner of all right, title, and interest in and to the '740 Patent, including the right to assert all causes of action arising under the patent and the right to any and all remedies for infringement of it. A true and correct copy of the '740 Patent is attached hereto as Exhibit A.

12. By way of example, claim 13 of the '740 Patent is representative:

> A mobile storage module for providing granular material to an adjacent delivery module, the mobile storage module configured, in a mobile storage module operational configuration, to hold and dispense said granular material downward to the adjacent delivery module, and to receive said granular material for holding via a continuous belt loading system operatively coupled to an input port, the continuous belt loading system being separated from the adjacent delivery module, wherein the mobile storage module comprises an integrated actuating system for moving a container portion thereof between a lowered position and a raised position, the raised position corresponding to the mobile storage module operational configuration, the mobile storage unit comprising:
>   a. a frame;
>   b. the container portion supported by the frame and pivotably coupled thereto, the container portion configured to store said granular material and comprising the input port for receiving said granular material and an output port for dispensing said granular material; and
>   c. the integrated actuating system configured to pivot the container portion between the lowered position and the raised position, wherein, in the raised position, the input port is located above the output port.

13.    Sand Revolution bills itself as a last mile logistics provider that offers on-site proppant management systems to the oil and gas industry.

14.    In particular, Sand Revolution provides, uses, and/or operates one or more proppant handling systems for its customers that includes a mobile unit for on-site proppant storage, a delivery unit for delivering proppant from a mobile storage unit to a specified location, and a belt loader for transferring proppant from incoming delivery vehicles to one or more mobile storage units.

15.    Even more specifically, Sand Revolution's proppant handling system further comprises a frame, a container portion, and an integrated actuating system to pivot the container portion between lowered and raised positions, as recited in the various claims of the '740 Patent. Indeed, Sand Revolution's proppant handling system practices every element of one or more claims of the '740 Patent, including without limitation claim 13.

16.    Sand Revolution displays and advertises this proppant handling system through summary descriptions, pictures, and videos posted on its website (www.sandrevolution.com) and

through third party sites such as Facebook and YouTube. Videos depicting the system on YouTube appear under the heading "Sand Revolution II LLC," and are viewable via links on the Sand Revolution website and "Sand Revolution LLC" Facebook page. Exemplary images and screenshots of the same are attached hereto as Exhibit D.

17. On information and belief, Sand Revolution currently provides, uses, and operates—and/or directs or instructs others in the use and operation of—its proppant handling system(s) on or at well sites throughout West Texas, including in this District, and Southeastern New Mexico.

18. On April 12, 2018, CIG sent a letter to Sand Revolution via e-mail expressly identifying the existence of a number of CIG's patents, including specifically the '740 Patent. The e-mail successfully delivered, but Sand Revolution did not respond. Again on June 6, 2018, CIG resent the same letter, this time to the address that Sand Revolution LLC currently identifies as the address of its registered agent. The letter was successfully delivered. Again, Sand Revolution did not respond. True and correct copies of CIG's letters are attached hereto as Exhibits B and C, respectively.

19. CIG is also the assignee and owner of all right, title, and interest in and to several other patents that pertain to its proppant handling system, including U.S. Patent Nos. 9,499,348, 9,643,789, 9,428,348, 9,334,124, 9,840,371, and 9,957,108. Non-public information concerning certain features of Sand Revolution's proppant handling system that are pertinent to these patents is not reasonably available to CIG at this time. However, CIG suspects that Sand Revolution's system may also infringe one or more of the foregoing patents, in addition to the '740 Patent, and intends to amend its claims in this case accordingly once additional information is made available.

## COUNT I
### (Direct Infringement of U.S. Patent No. 8,944,740)

20. CIG incorporates by reference all previous allegations as though set forth fully here.

21. Sand Revolution has infringed and continues to infringe one or more claims of the '740 Patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing in or into the United States all or portions of its proppant handling system identified above.

22. Sand Revolution's infringing acts are without license or authorization from CIG.

23. By no later than the time of CIG's express written notice of the '740 Patent to Sand Revolution, as described above, Sand Revolution knew or should have known that its actions constitute infringement of the '740 Patent. And yet Sand Revolution has continued in its infringement and ignored CIG's communications. Moreover, Sand Revolution's recent and current communications to the market indicate that Sand Revolution intends to significantly increase the number of its proppant handling systems in use in the market. Sand Revolution's infringement is therefore willful and continuing, and this case is exceptional under 35 U.S.C. § 285.

24. As a direct and proximate result of Sand Revolution's infringement of the '740 Patent, CIG has suffered and will continue to suffer injury for which it is entitled to damages under 35 U.S.C. § 284 adequate to compensate it for such infringement, in an amount to be proven at trial, as well as enhanced damages. CIG's damages include its lost profits, but are in no event less than a reasonable royalty.

25. As a direct and proximate result of Sand Revolution's infringement of the '740 Patent, CIG has also suffered irreparable injury for which it has no adequate remedy at law. Unless Sand Revolution is permanently enjoined from further infringement of the '740 Patent, CIG will

continue to suffer irreparable injury and impairment of the value of its patent rights.

## COUNT II
### (Indirect Infringement of U.S. Patent No. 8,944,740)

26.  CIG incorporates by reference all previous allegations as though set forth fully here.

27.  Upon information and belief, Sand Revolution has induced and continues to induce others to infringe one or more claims of the '740 Patent under 35 U.S.C. § 271(b) by knowingly, intentionally, and actively aiding and abetting others to infringe the '740 Patent, and with the specific intent that such others infringe the '740 Patent.  By way of example, and upon information and belief, Sand Revolution accomplishes such inducement by directing and/or instructing others to assemble, use, and/ or operate its proppant handling system.

28.  Upon information and belief, Sand Revolution has also contributed to the infringement of one or more claims of the '740 Patent under 35 U.S.C. § 271(c) by offering to sell, selling, or importing in or into the United States one or more components of the system(s) for handling granular material that are the subject of the claims of the '740 Patent, knowing such components to be especially made or adapted for use in an infringement of the '740 Patent and not suitable for any substantial non-infringing use.

29.  Sand Revolution's infringing acts are without license or authorization from CIG.

30.  By no later than the time of CIG's express written notice of the '740 Patent to Sand Revolution, as described above, Sand Revolution knew or should have known that its actions constitute infringement of the '740 Patent.  And yet Sand Revolution has continued in its infringement and ignored CIG's communications.  Moreover, Sand Revolution's recent and current communications to the market indicate that Sand Revolution intends to significantly increase the number of its proppant handling systems in use in the market.  Sand Revolution's infringement is therefore willful and continuing, and this case is exceptional under 35 U.S.C. §

285.

31.    As a direct and proximate result of Sand Revolution's infringement of the '740 Patent, CIG has suffered and will continue to suffer injury for which it is entitled to damages under 35 U.S.C. § 284 adequate to compensate it for such infringement, in an amount to be proven at trial, as well as enhanced damages.  CIG's damages include its lost profits, but are in no event less than a reasonable royalty.

32.    As a direct and proximate result of Sand Revolution's infringement of the '740 Patent, CIG has also suffered irreparable injury for which it has no adequate remedy at law.  Unless Sand Revolution is permanently enjoined from further infringement of the '740 Patent, CIG will continue to suffer irreparable injury and impairment of the value of its patent rights.

## PRAYER FOR RELIEF

33.    In light of the foregoing, plaintiff CIG respectfully prays for the following relief against defendant Sand Revolution:

A.    A judgment that Sand Revolution has infringed one or more of the claims of the '740 Patent directly (either literally or under the doctrine of equivalents) or indirectly;

B.    A permanent injunction enjoining Sand Revolution, its officers, directors, employees, agents, representatives, parent companies, subsidiaries, and affiliates, and all persons acting in active concert or participation therewith, from engaging in any continued infringement of the '740 Patent;

C.    An award of all damages to which CIG is entitled under 35 U.S.C. § 284 for all past and continuing infringement, including but not limited to all lost profits and/or reasonable royalties, and an order requiring a full accounting of the same;

D.    An award of enhanced damages in accordance with the provisions of 35 U.S.C. §

284 as a result of Sand Revolution's knowing and willful infringement;

  E. A finding that this case is exceptional under 35 U.S.C. § 285 and an award of all of the attorneys' fees incurred by CIG in this action;

  F. An assessment of interest, both pre- and post-judgment, on the damages awarded;

  G. An award of costs incurred by CIG in bringing and prosecuting this action; and

  H. Any other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), CIG hereby demands a jury trial on all issues so triable.

    Respectfully submitted

    LYNCH, CHAPPELL & ALSUP
    300 N. Marienfeld
    Suite 700
    Midland, TX 79701
    Tel: 432.683.3351
    Fax: 432.683.2587

    By: /s/ Harper Estes
    Andrew Harper Estes
    State Bar No. 00000083
    hestes@lcalawfirm.com
    Lisa K. Hooper
    State Bar No. 24047282
    lhooper@lcalawfirm.com

    -AND-

    Travis W. McCallon*
    LATHROP GAGE LLP
    2345 Grand Boulevard, Suite 2200
    Kansas City, MO 64108
    Tel: 816.292.2000
    Fax: 816.292.2001
    tmccallon@lathropgage.com
    (*<i>pro hac vice</i> forthcoming)