IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| CONTINENTAL INTERMODAL GROUP – TRUCKING LLC,<br><br>Plaintiff,<br><br>v.<br><br>SAND REVOLUTION LLC,<br>SAND REVOLUTION II, LLC<br><br>Defendants. | Case No. 7:18-cv-147 |

**DEFENDANTS' MOTION TO DISMISS THE COMPLAINT
FOR FAILURE TO STATE A CLAIM**

Defendants Sand Revolution LLC and Sand Revolution II, LLC (collectively, "Sand Revolution") hereby moves to dismiss Plaintiff's Complaint (Dkt. No. 1) pursuant to FED. R. CIV. P. 12(b)(6). The Complaint fails to plead the requisite facts required under *Iqbal* and *Twombly*, intentionally obscuring its infringement allegation in an attempt to mask an outright lack of merit.

## I.     INTRODUCTION

Plaintiff Continental Intermodal Group – Trucking LLC ("CIG") competes with Sand Revolution in the oil and gas industry. Both companies provide their own solutions for transporting and storing proppant (e.g., sand) at remote locations for use in the hydraulic fracturing process, for example.

CIG's solutions differ from Sand Revolution's solutions in a variety of plainly evident but critical ways. CIG's patents, including U.S. Patent No. 8,944,740 (the "'740 patent" or "asserted patent"; Exhibit A), reflect these critical differences. CIG's Complaint not only

1

ignores these differences, but actively obscures them. In so doing, CIG fails to state a claim upon which relief can be granted.

    A.    **The '740 Patent**

The '740 patent describes a "system for handling granular material" that includes (1) a delivery module and (2) one or more mobile storage modules. *See, e.g.*, Ex. A at 2:11-21. Put simply, sand is delivered to a site via individual mobile storage modules and then deposited onto a conveyor belt of the delivery module for further processing. *See id.* at 3:44-64.

The claims of the '740 patent, such as the asserted claim 13, focus almost entirely on features of the mobile storage modules. Figure 2 of the '740 patent, shown below, "illustrates a mobile storage module 200," which is "a semi-trailer mounted on a road tractor 210." *Id.* at 6:34-37.



*Id.* at Fig. 2. The mobile storage module includes a "container portion 225" and a "frame 235." *Id.* at 6:60-7:2, Fig. 2.

To deposit its contents, the "container portion 225" of the mobile storage module must pivot upwards. *Id.* at 6:53-7:21. This pivot motion is accomplished by an "integrated actuating

system," such as the "hydraulic actuator 350" attached to the frame and the container, as shown in Figure 3. *Id.*



*Id.* at Fig. 3. Once elevated, the container portion can deposit sand onto a conveyor belt of the delivery module.

Critically, each and every claim of the '740 patent requires a "mobile storage module" that includes: (1) a frame, (2) a container portion supported by, and pivotably attached to, the frame, and (3) an integrated actuating system to pivot the container portion to a raised position. *See id.* at 14:62-15:32, 16:24-47, and 17:5-18:15. During prosecution of the application that issued as the '740 patent, these three key components were added to each independent claim in order to overcome the prior art. *See* Ex. B at 28-33. In other words, not only does each and

3

every claim of the '740 patent require a "mobile storage module" that includes the three components listed above, but that set of requirements is, itself, a primary reason why the '740 patent was awarded.

The single claim identified in the Complaint—claim 13—is explicitly directed to "[a] mobile storage module" that includes the three numbered components listed above. *See* Dkt. No. 1 at 3-4. At the very least, an allegation of infringement must allege and set forth a plausible basis for how Sand Revolution allegedly makes, uses, sells, offers for sale, or imports a "mobile storage module" as claimed by the '740 patent. As discussed in more detail below, CIG's Complaint fails to make such an allegation, much less set forth a plausible basis for that allegation.

**B.     The Complaint**

The Complaint alleges infringement of the '740 patent, specifically identifying claim 13 as a representative claim. *See* Dkt. No. 1 at 3-4. As is true of each and every claim of the '740 patent, claim 13 requires a "mobile storage module" that includes: (1) a frame, (2) a container portion supported by, and pivotably attached to, the frame, and (3) an integrated actuating system to pivot the container portion to a raised position. *See* Ex. A at 14:62-15:32, 16:24-47, and 17:5-18:15.

The Complaint sets forth its factual allegations regarding Sand Revolution's accused products as follows:

> 13. Sand Revolution bills itself as a last mile logistics provider that offers on-site proppant management systems to the oil and gas industry.
>
> 14. In particular, Sand Revolution provides, uses, and/or operates one or more proppant handling systems for its customers that includes a mobile unit for on-site proppant storage, a delivery unit for delivering proppant from a mobile storage unit to a specified

4

> location, and a <u>belt loader</u> for transferring proppant from incoming delivery vehicles to one or more <u>mobile storage units</u>.
>
> 15. Even more specifically, <u>Sand Revolution's proppant handling system further comprises</u> a frame, a container portion, and an integrated actuating system to pivot the container portion between lowered and raised positions, as recited in the various claims of the '740 Patent. Indeed, Sand Revolution's proppant handling system practices every element of one or more claims of the '740 Patent, including without limitation claim 13.
>
> 16. Sand Revolution displays and advertises this proppant handling system through summary descriptions, pictures, and videos posted on its website (www.sandrevolution.com) and through third party sites such as Facebook and YouTube. Videos depicting the system on YouTube appear under the heading "Sand Revolution II LLC," and are viewable via links on the Sand Revolution website and "Sand Revolution LLC" Facebook page. Exemplary images and screenshots of the same are attached hereto as Exhibit D.
>
> 17. On information and belief, Sand Revolution currently provides, uses, and operates—and/or directs or instructs others in the use and operation of—its proppant handling system(s) on or at well sites throughout West Texas, including in this District, and Southeastern New Mexico.

Dkt. No. 1 at 4-5 (emphasis added).

The Complaint therefore defines the accused system as a "proppant handling system" that includes at least a "mobile unit," "delivery unit," "belt loader," and "mobile storage unit." But it never alleges that any of those components equate to the claimed "mobile storage module," or that any of those components include a frame, a container portion, and an integrated actuating system. Indeed, no such product of Sand Revolution's exists or has ever existed. Perhaps for this reason, the Complaint carefully sidesteps the issue by instead alleging that "<u>Sand Revolution's proppant handling system</u> further comprises a frame, a container portion, and an integrated actuating system . . . ." *See id.* at 4 (emphasis added). This contradicts the language of claim 13 recited on the very same page, which requires a "mobile storage module" that includes those three features.

5

In other words, the Complaint appears to plead an infringement case for a hypothetical claim that recites a generic "system" comprising a frame, container portion, and integrated actuating system. Meanwhile, the Complaint fails to plead an infringement case for the actual claims of the '740 patent.

## II.   LEGAL STANDARD

To survive a motion to dismiss under FED. R. CIV. P. 12(b)(6), a complaint must allege specific facts in support of each claim stated: "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1952 (2009). Where the pleaded facts "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 1950 (citing FED. R. CIV. P. 8(a)(2), which requires "a short plain statement of the claim showing that the pleader is entitled to relief.") This pleading requirement serves at least two purposes: (1) to show that the plaintiff has a reasonable basis for its allegations, and (2) to give the defendant fair notice of the claims at issue and "the grounds upon which it rests." *See Iqbal*, 129 S.Ct. at 1961; *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99 (1957)).

In the context of FED. R. CIV. P. 12(b)(6), the Supreme Court's two-step approach for assessing the sufficiency of a complaint applies. First, the court can identify and disregard conclusory allegations, which are "not entitled to the assumption of truth." *Iqbal*, 129 S.Ct. at 1940-41. Second, the court can "consider the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Id.* 129 S.Ct. at 1949 (quoting *Twombly*, 127 S.Ct. at 1960). A claim has "facial plausibility" only if the alleged

facts would allow the court to draw a reasonable inference that the defendant is liable for the misconduct alleged.  *Id.* 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 557).

### III. ARGUMENT

CIG's infringement allegations do not plausibly suggest an entitlement to relief.  Because the Complaint asserts infringement of a patent claim that specifically recites a "mobile storage module" that includes a (1) frame, (2) container portion, and (3) integrated actuating system, CIG must, at the very least, allege that Sand Revolution makes, uses, sells, offers for sale, or imports a "mobile storage module" that comprises these those three elements.  CIG's Complaint fails to satisfy this basic, threshold requirement.  Without an allegation that the accused system includes a "mobile storage module" having the three elements listed above, Sand Revolution is left without notice as to "the grounds upon which [CIG's claim] rests."  *See Twombly*, 127 S.Ct. at 1959 (quotations omitted).

The Complaint's failure to provide notice as to the grounds of the infringement claims is especially troubling in light of its discussion of Sand Revolution's system and supporting exhibits.  The Complaint first identifies Sand Revolution's "proppant handling system," alleging that it includes (1) "a mobile unit for on-site proppant storage," (2) "a delivery unit for delivering proppant from a mobile storage unit to a specified location," (3) "a belt loader for transferring proppant from incoming delivery vehicles" to (4) "one or more mobile storage units."  *See* Dkt. No. 1 at 4.  After laying out these alleged portions of the "proppant handling system," the Complaint then alleges that Sand Revolution's "proppant handling system"—rather than a "mobile storage module" or some other, equivalent component of the system—further comprises the elements of claim 13.  *Id.*

In other words, the Complaint sets forth facts to support infringement of a hypothetical patent claim that does not exist. That hypothetical claim would, in theory, recite "a system that comprises . . . a frame . . . a container portion . . . and an integrated actuating system . . . ." Unfortunately for CIG, the claims of the '740 patent carve out a much tighter scope relative to that hypothetical claim. Perhaps because Sand Revolution's system clearly lies outside of that scope, the Complaint intentionally obscures the infringement allegation. This obfuscation fails to satisfy CIG's burden to provide the grounds of its entitlement to relief, leaving Sand Revolution without notice as to how its "system" allegedly constitutes the claims "mobile storage module."

## IV.   CONCLUSION

CIG obtained rights to the '740 patent, which claims complex actuating features of a mobile storage module (i.e., "a semi-trailer mounted on a road tractor.") Meanwhile, Sand Revolution uses simple storage silos without any actuation features, providing a cheaper and better product than CIG. Rather than competing fairly in the marketplace or designing a better product, CIG filed a Complaint alleging infringement. But lacking any colorable claim of infringement, CIG carefully crafted the Complaint to avoid alleging that any particular aspect(s) of Sand Revolution's system infringes the '740 patent. CIG's amorphous allegations fail to provide a reasonable basis for its claim or fair notice of the grounds upon which that claim rests.

For at least the reasons stated above, CIG's Complaint (Dkt. No. 1) fails to state a claim and should therefore be dismissed according to FED. R. CIV. P. 12(b)(6).

DATED: September 17, 2018        /s/ *Manoj S. Gandhi*
Manoj S. Gandhi (TX Bar No. 24055518)
J Josh. Clayton (TX Bar No. 24050426) (application for admission forthcoming)
Brannon C. McKay (*pro hac* request forthcoming)
Benjamin D. Bailey (*pro hac* request forthcoming)
Armon B. Shahdadi (*pro hac* request forthcoming)
CLAYTON, MCKAY & BAILEY, PC
1155 Mt. Vernon Hwy, Suite 800
Atlanta, GA 30338
Telephone: (404) 353-1628
Facsimile: (404) 704-0670
manoj@cmblaw.com
josh@cmblaw.com
brannon@cmblaw.com
ben@cmblaw.com
armon@cmblaw.com

*Counsel for Defendants Sand Revolution LLC and Sand Revolution II, LLC*

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that on September 17, 2018, a true and correct copy of the above and foregoing document was electronically filed in compliance with Local Rule CV-5(a)(1).  As such, this document was served on all counsel who have consented to electronic service.

                 */s/ Manoj S. Gandhi*