**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS**

| | |
|---|---|
| CONTINENTAL INTERMODAL GROUP – TRUCKING LLC, <br><br>              Plaintiff, <br><br>     v. <br><br> SAND REVOLUTION LLC, <br> SAND REVOLUTION II, LLC <br><br>             Defendants. | Case No. 7:18-cv-147 |

## DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM

CIG's Response attempts to obscure the core issue raised by this motion: that the Complaint fails to state a claim to relief that is plausible on its face. Rather than directly address this deficiency, CIG avoids the issue by attempting to cast Sand Revolution's motion as an argument that CIG must "methodically and exhaustively 'tie' or 'compare' every patent claim element to a feature of an accused product[.]" *See* Dkt. No. 31 at 4. Sand Revolution makes no such argument. To the contrary, Sand Revolution argues that the Complaint fails to set forth a plausible basis that Sand Revolution's identified system infringes any claim of the '740 patent. In its Response, CIG makes no attempt to argue that it has, in fact, set forth a plausible basis that Sand Revolution provides the claimed "mobile storage module."

CIG explicitly identifies claim 13 of the '740 patent as representative of the claims asserted against Sand Revolution. Claim 13 recites "a mobile storage module" that includes "[a] mobile storage unit comprising: a. a frame; b. [a] container portion supported by the frame . . .; and c. [an]

1

integrating actuating system . . . ."  Dkt. No. 1-1.  It is beyond dispute that elements (a), (b), and (c) of Claim 13 are components of both the "mobile storage module" and the "mobile storage unit,"; therefore, those three elements must be contained in a mobile module or unit of some sort.  But the Complaint fails to make this allegation, much less set forth a plausible basis for a right to relief.

Instead, the Complaint carefully avoids alleging that Sand Revolution provides an infringing "mobile storage module" or "mobile storage unit" that includes elements (a), (b), and (c) of Claim 13.  It first defines Sand Revolution's system as including a "mobile unit for on-site proppant storage, a delivery unit for delivering proppant from a mobile storage unit to a specified location, and a belt loader . . . ."  Dkt. No. 1 at 4.  But after defining a portion of the system as a "mobile unit," the Complaint reveals its deficiencies by relying on a "delivery unit" and "belt loader" to find the additional elements of "a frame, a container portion, and an integrated actuating system."  When confronted with these deficiencies, CIG makes no attempt to argue that its Complaint sets forth a plausible basis that Sand Revolution provides the claimed "mobile storage module" or "mobile storage unit."

CIG provides a variety of excuses for failing to allege that Sand Revolution provides the claimed "mobile storage module" or "mobile storage unit."  It argues, for example, that Sand Revolution's motion implicates issues of "claim construction and infringement," and that such analysis should not be "resolved" on a motion to dismiss.  *See* Dkt. No. 31 at 7.  But Sand Revolution's motion takes aim at CIG's pleading deficiencies rather than the merits of the case.  If CIG truly believed that Sand Revolution provides a "mobile storage module" or "mobile storage unit" as recited by claim 13, it could simply make that allegation in its Complaint.  Instead, CIG continues to carefully avoid that allegation, even in its Response to this motion.  Regardless of

CIG's aversion to the merits of its own case, the Complaint must still set forth a plausible basis of infringement.  It fails to do so, and that failure is a pleading deficiency rather than an issue reaching the merits.

The Complaint should be dismissed for reasons similar to those addressed in *Asghari-Kamrani v. United Services Automobile Association*, where the court dismissed a complaint alleging patent infringement by USAA's website.  No. 2:15-cv-478, 2016 WL 1253533, at *3 (E.D. Va. Mar. 22, 2016).  While the complaint identified four specific aspects of USAA's website—each alleged to infringe the patent-in-suit independent of the others—the court found that the complaint failed to state a claim on which relief could be granted.  *Id.*  The court noted that to survive a motion to dismiss, "the complaint must allege facts sufficient . . . [to] 'state a claim to relief that is plausible on its face.'"  *Id.* (citing *Occupy Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013)).  As part of its analysis, the court reviewed the claims of the patent-in-suit and found that each required the involvement of three different entities (a central-entity, a user, and an external-entity).  *Id.* at *2.  The court then turned to the complaint and found no allegation that the allegedly infringing aspects of USAA's website involved these three entities.  *Id.* at *3.  Finding that "there is no information in the complaint that elucidates how these [allegedly infringing] features infringe the patent," the court held that plaintiff had failed to state a claim and dismissed its complaint.  *Id.* at *4.

The deficiencies found in *Asghari-Kamrani* are similar to those found in this case.  Even assuming that the Complaint adequately identifies the allegedly infringing Sand Revolution components, it not only fails to specify which components correspond to the claims and how they do so, but it altogether fails to allege that the identified components can all be found in a "mobile storage module" or "mobile storage unit."

CIG attempts to rely on *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256 (Fed. Cir. 2018) to support its position, but its reliance is misplaced. *See* Dkt. 31 at 2-4. In *Disc Disease*, the asserted claims of the patent-in-suit recited "[a] spinal brace" comprising various elements. In its complaint, the plaintiff specifically identified three spinal brace products, alleging that each product practiced each and every element of at least one claim of the asserted patents. *See Disc Disease*, 888 F.3d at 1258. In that situation, the plaintiff set forth a plausible claim for relief by identifying allegedly infringing products (i.e., spinal braces) that corresponded to the language of the claim (i.e., a "spinal brace").

In contrast, the Complaint in this case identifies a "system" including a range of disparate products—including, in CIG's words, a "mobile unit," "delivery unit," "mobile storage unit," "belt loader," and "delivery vehicles." *See* Dkt. No. 1 at 4. Even if the elements of the asserted claim could be found in some combination of these products, infringement of the identified claim could not plausibly exist unless a "mobile storage module"—and more specifically, a "mobile storage unit"— practiced all of the claimed elements. Because CIG has not alleged that any module or unit of Sand Revolution's system comprises each and every element of its asserted claims, its reliance on *Disc Disease* is unfounded. Far from identifying particular products like the complaint in *Disc Disease*, CIG's Complaint lumps together all of the Sand Revolution products it can find without alleging that any of them practice the asserted claims. Simply alleging that all of the asserted claim elements can be found across an array of components—without alleging that a mobile storage module exists that comprises each claim element—does not provide a plausible basis of infringement.

CIG's amorphous allegations fail to provide a reasonable basis for its claim or fair notice of the grounds upon which that claim rests. Rather than attempt to provide fair notice to Sand

Revolution, CIG's allegations appear more intended to obscure the fact that Sand Revolution does not make, use, sell, offer for sale, or import a mobile storage module or unit that comprises all of the asserted claim elements.  Sand Revolution does not contend that a claim chart or an element-by-element analysis is necessary to meet the Supreme Court's pleading standard.  But to set forth any plausible basis for relief, the Complaint must allege, at a bare minimum, that Sand Revolution provides the "mobile storage module" or "mobile storage unit" comprising the elements of the asserted claims.  It does not, and therefore CIG's Complaint should be dismissed with respect to both Counts.[1]

DATED: October 9, 2018

/s/ Armon B. Shahdadi

Armon B. Shahdadi (admitted *pro hac vice*)
Manoj S. Gandhi (TX Bar No. 24055518)
J Josh. Clayton (admitted *pro hac vice*)
Brannon C. McKay (admitted *pro hac vice*)
Benjamin D. Bailey (admitted *pro hac vice*)
CLAYTON, MCKAY & BAILEY, PC
1155 Mt. Vernon Hwy, Suite 800
Atlanta, GA 30338
Telephone: (404) 353-1628
Facsimile: (404) 704-0670
armon@cmblaw.com
manoj@cmblaw.com
josh@cmblaw.com
brannon@cmblaw.com
ben@cmblaw.com

*Counsel for Defendants Sand Revolution LLC and Sand Revolution II, LLC*

---

[1] Sand Revolution's motion to dismiss is directed to both Counts (direct and indirect infringement) in the Complaint.  CIG's indirect infringement claims fail because it has not plausibly alleged direct infringement.  *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1333 (Fed. Cir. 2012) ("It is axiomatic that there can be no inducement or contributory infringement without an underlying act of direct infringement.") (quotations and alterations omitted).

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on October 9, 2018, a true and correct copy of the above and foregoing document was electronically filed in compliance with Local Rule CV-5(a)(1).  As such, this document was served on all counsel who have consented to electronic service.

*/s/ Manoj S. Gandhi*