**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| CONTINENTAL INTERMODAL GROUP – TRUCKING LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 7:18-cv-00147-DC |
| | ) | |
| SAND REVOLUTION LLC, | ) | |
| SAND REVOLUTION II, LLC | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT STIPULATION REGARDING**
**<u>PRODUCTION OF ELECTRONICALLY STORED INFORMATION</u>**

Plaintiff Continental Intermodal Group – Trucking LLC ("CIG") and Defendants Sand Revolution LLC and Sand Revolution II, LLC (collectively "Sand Revolution") (all collectively, the "Parties"), by and through their respective counsel, hereby jointly stipulate and agree as follows in regards to the discovery and production of documents, things, and electronically stored information in this case.

**<u>Electronically Stored Information</u>**

1.      Other than as set forth below, voicemail, instant messages, or text messages shall not be searched for or produced unless good cause for the production can be shown, and further subject to the producing party's claim of undue burden or cost.  The Parties shall meet and confer as to good cause on these issues.

2.      Materials retained in tape, floppy disk, optical disk, or similar formats primarily for back-up or disaster recovery purposes are deemed not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B) and, accordingly, are not subject to production unless specific facts demonstrate a particular need for such evidence that justifies the burden of retrieval.  Archives

1

stored on computer servers, external hard drives, notebooks, or personal computer hard drives that are created primarily for back-up or disaster recovery purposes and not used as reference materials in the ordinary course of a Party's business operations need not be searched or produced absent good cause, and further subject to the producing party's claim of undue burden or cost or other objections. No Party need deviate from the practices it normally exercises with regard to preservation of such "tape, floppy disk, optical disk, or similar formats primarily for back-up or disaster recovery purposes" that it does not otherwise exercise when not in anticipation of litigation (*e.g.*, recycling of back-up tapes is permitted).

3. If responsive documents are located on a centralized server or network, the producing party shall not be required to search for additional copies of such responsive documents that may be located on the personal computer, or otherwise in the possession, of individual employees absent a showing of good cause that the production of such additional copies is necessary. No Party need deviate from the practices it normally exercises with regard to preservation of such "additional copies" that it does not otherwise exercise when not in anticipation of litigation (e.g., recycling of back-up tapes is permitted).

**Document Production**

4. The Parties shall produce any discoverable information required to be produced in this case, whether originally stored in paper or electronic form (ESI or email), in the manner described herein absent a subsequent agreement by the Parties or Order from the Court.

**For Documents gathered from or stored in electronic format:**

5. *General Document Image Format*: Each electronic document shall be produced in single-page Tagged Image File Format ("TIFF"). All TIFF files should be provided in a single-page, Group IV, black & white, and 8 $^1/_2$ x 11 inch page size format at a minimum of

300 x 300 dpi resolution (except for documents requiring a different resolution or page size). The Parties agree that an exception may be made for documents originating in or containing color, where the color is necessary to interpret or otherwise meaningfully work with the document.  As such, all black & white images must be in 1-bit TIFF images and color documents must be in 24-bit JPG files.  Counsel reserves the right to request these files in an alternative format (either in color TIFF or .jpg format).  An Opticon load file (OPT) shall be provided, with each line representing one image.

6.    *Bates Numbering and Unique IDs*:  Bates numbers shall be unique IDs with a prefix that can be readily attributed to the producing party. Bates numbering should be sequential. The Parties agree to use placeholders (such as "intentionally left blank" pages), rather than skipping Bates numbers in production.  Each image should have a unique file name. For single-page TIFFs, the unique file name will be the Bates number of the page.

7.    *Extracted Text Files*:  For each document, a text file containing the extracted text should be provided along with the corresponding TIFF images. The text of files collected and reviewed in native format should be extracted at document-level directly from the native file. The text file should be named after the Beginning Bates number of the document. For those electronic files which do not have embedded text (such as certain .PDF files and image formats), the file should be imaged and OCR'd, and the subsequent OCR text files should be delivered in a manner consistent with the above.

8.    *Metadata Fields*:  The Metadata fields set forth in the attached **Table 1** shall be provided for each Record to the extent such fields exist for that Record, and shall be provided via a Relativity load file.  Absent a showing of good cause, no additional metadata need

be produced.  The Parties agree not to modify or otherwise alter metadata for files originating in electronic form unless necessary to protect privilege and/or confidentiality claims.

9.     *Native Format Files:* The Parties agree to supplement their image-based production with the exchange of certain file types in their native form.

(a)     The Parties agree that the following document types shall be provided in native form in addition to their image form (the corresponding images for the categories listed below will be Bates-numbered place holders only):

- Spreadsheets (e.g., .XLS, .XLSX);

- Presentations (e.g., .PPT, .PPTX); and

- Media files (e.g., .MP3, .WAV, .MPG, .AVI, .MOV, etc.).

- Computer aided design files (e.g., .DWG, .DXF, .3DS, .MDX, .STL, .STP, etc.)

(b) To ensure tracking, data integrity, and to provide a means for authentication, the Parties agree that all produced native files will be assigned a unique file name or identifier and a hash value.  The unique file name shall be the Beginning Bates number of the document's underlying TIFF image(s).  The hash value shall be the MD5 or SHA1 value generated on the originating native file.

(c)     The Parties agree that redacted documents will be provided in image form only, and that no corresponding native file will be provided (regardless of file type).

(d)     For all other document or file types, the Parties agree that any Party has the right to seek production of other documents or files in their native form should they identify files whose meaning and interpretation requires that they be reviewed in such a manner. The

Parties agree to limit the request for such files in good faith, and submit any request according to the following protocol:

        (i)     The Receiving Party shall provide a list of Bates numbers of the imaged documents sought to be produced in native file format.

        (ii)     The Producing Party shall have 10 days to either produce the native documents or object to the demand by responding in writing and setting forth its objection(s) to the production of the requested native format files.  In the event an objection is made, the Parties shall meet and confer regarding the request and corresponding objection(s).  If the Parties are unable to agree as to the production of the requested files in native format, the Parties may submit the matter to the Court.

        (e) The Parties agree that redacted documents will be provided in image form only, and that no corresponding native file will be provided (regardless of file type).

**For Documents scanned or otherwise converted into electronic format from paper copy documents:**

10.     *General Document Image Format*:  All TIFF files should be provided in a single-page, Group IV, black & white, and $8\,^{1}/_{2}$ x 11 inch page size format at a minimum of 300 x 300 dpi resolution (except for documents requiring a different resolution or page size).

11.     *Unique IDs*:  Each image should have a unique file name. For single-page TIFFs, the unique file name will be the Bates number of the page.

12.     *Text Files*:  For each document, a document-level OCR text file should be provided along with the corresponding TIFF images. The text file should be named after the Beginning Bates number of the document.

13.    *Objective Coding Fields:*  The following objective coding fields should be provided for all produced hard copy documents:

(a) Beginning Bates Number;

(b) Ending Bates Number;

(c) Beginning Attachment Bates Number (if applicable);

(d) Ending Attachment Bates number (if applicable);

(e) Page count; and

(f) Source/Custodian.

**Attachments and Attachment Ranges**

14.    Parent-child relationships (the association between an attachment and its parent document) should be preserved, and each parent document and all its associated attachments should be produced as separate documents. Bates numbering of a parent document and any attachments shall be sequential such that a parent document has the lowest value Bates number when compared to its attachment(s). The Parties agree to provide family/attachment Bates ranges for all productions.

**Transmission and Delivery of Production Material**

15.    The Parties agree to provide production material in a reasonably usable manner, typically on USB drives (external, flash/thumb), or via secure transmission (via FTP or other method).  If possible, the Parties agree not to deliver any single production on multiple soft or optical media (CD/DVD).

**Resolution of Production Issues**

16.    Documents that cannot be read because of imaging, formatting, or other technical issues shall be promptly identified by the Receiving Party within an exceptions index

which will list the document and reasons for the exception ("Exceptions Index").  The Parties shall meet and confer to attempt to resolve the issues with respect to any documents contained on the Exceptions Index to the extent the exceptions are within the either Party's control.

**Privilege Logs**

17.     The Parties agree that Privilege Logs will be exchanged in this litigation at a mutually agreeable date and time, and subsequently supplemented as necessary.

18.     The Parties additionally agree that there is no requirement to log privileged information dated on or after August 21, 2018, the date the above-captioned case was filed in the Western District of Texas.  For the sake of clarity, this date restriction does not apply to non-privileged, responsive documents as otherwise contemplated herein.

19.     The Parties' privilege logs shall contain at least the following categories of information for each logged entry:  (a) an assigned document identification number; (b) the date of the document or communication; (c) the nature of the document (i.e., email, document, memorandum, attachment, etc.); (d) the From/To/CC/BCC fields for all communications; (e) the nature of the claimed privilege; and (d) a summary of the general subject matter of the document or communication.

20.     Where all of an email string is privileged, the Parties need only include one entry on the Privilege Log for the entire email string and need not log each email contained in the chain separately.

21.     To the extent a privileged communication is contained in only a portion of an email string or in a portion of an attachment within a parent-child relationship, the privileged portions shall be included on the privilege log and the parent-child(ren) shall be produced in

redacted form along with the rest of the non-privileged portions of the email string and the attachment(s).

**Production of Privileged or Work-Product Documents**

22.     Consistent with Federal Rule of Evidence 502, the production of documents in connection with the litigation before this Court, whether inadvertent or otherwise, shall not waive any privilege or work product that would otherwise attach to the documents produced in this litigation or in any other federal or state proceeding.  In addition, to the fullest extent authorized by Federal Rule of Evidence 502(d), any applicable work-product protection or attorney-client privilege is not waived as to anyone who is not a Party to this action by disclosure connected with this action. The following procedure shall apply to any such claim of production.

23.     Upon learning of the production, the Producing Party shall promptly give all counsel of record notice of the production. The notice shall identify the document, the portions of the document that should not have been produced, and the first date the document was produced. If the Party that produced a document claims that only a portion of the document should not have been produced, the Party shall provide with the notice of production a new copy of the document with the allegedly privileged portions redacted.

24.     Additionally, a Party receiving documents produced by another Party is under a good faith obligation to promptly alert the producing Party if a document appears on its face or in light of facts known to the receiving Party to be privileged.

25.     Upon receiving notice of such a production, or upon determining that a document received is known to be privileged, the receiving Party must promptly return, sequester, or destroy the specified information and any copies it has, and shall destroy any notes that reproduce, copy or otherwise disclose the substance of the privileged information. The Receiving

Party may not use or disclose the information until the claim is resolved.  If the Receiving Party disclosed the information before being notified, it must take reasonable steps to retrieve and prevent further use or distribution of such information until the claim is resolved.

26.     To the extent that any Party obtains any information, documents, or communications through disclosure, such information, documents and communications shall not be filed or presented for admission into evidence or sought in discovery by that Party in this matter.

27.     In the event the receiving Party disputes the assertion of privilege, the Parties shall meet and confer and the requesting Party shall either: (a) return the material to the Producing Party for proper designation; or (b) present the information to the Court under seal for a determination as to whether the material is protected from disclosure.

Dated:  November 27, 2018                Jointly and Respectfully submitted,

CLAYTON, MCKAY & BAILEY, PC            LATHROP GAGE LLP

By:  */s/ Armon B. Shahdadi*              By:    */s/ Travis W. McCallon*
    Armon B. Shahdadi*                          Travis W. McCallon*
    Manoj S. Gandhi (TX Bar #24055518)          Luke M. Meriwether*
    J Josh. Clayton*                            Eric D. Sidler*
    Brannon C. McKay*                           2345 Grand Boulevard, Suite 2200
    Benjamin D. Bailey*                         Kansas City, MO 64108
    1155 Mt. Vernon Hwy, Suite 800              Tel:  816.292.2000
    Atlanta, GA 30338                           Fax:  816.292.2001
    Tel:  404.353.1628                          tmccallon@lathropgage.com
    Fax:  404.704.0670                          lmeriwether@lathropage.com
    armon@cmblaw.com                            esidler@lathropgage.com
    manoj@cmblaw.com                            (*admitted *pro hac vice*)
    josh@cmblaw.com
    brannon@cmblaw.com                          Andrew Harper Estes (TX Bar #00000083)
    ben@cmblaw.com                              Lisa K. Hooper (TX Bar #24047282)
    (*admitted *pro hac vice*)                  LYNCH, CHAPPELL & ALSUP
                                                300 N. Marienfeld
    *Counsel for Defendants Sand*               Suite 700
    *Revolution LLC and Sand Revolution*        Midland, TX 79701
    *II, LLC*                                   Tel:  432.683.3351
                                                Fax:  432.683.2587
                                                hestes@lcalawfirm.com
                                                lhooper@lcalawfirm.com

                                                *Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 27, 2018, a true and correct copy of the above and foregoing was filed with the Clerk of Court using the CM/ECF system with service upon all counsel of record via the Court's notice of electronic filing.


*/s/ Travis W. McCallon*

# TABLE 1

| Field/Metadata | Description |
| --- | --- |
| **All Files – Structural Fields** | |
| Begin Bates | Identifies the Bates number of the beginning page of a document. |
| End Bates | Identifies the Bates number of the ending page of a document. |
| Begin Attach | Identifies the Bates number associated with the first page of a parent document in a document family. |
| End Attach | Identifies the Bates number associated with the last page of the last attachment to a parent document in a document family. |
| Custodian/Source | Identifies the collection source or custodian of the collected document. |
| Confidentiality | Identifies the confidentiality designation of the document. |
| Page Count | Identifies the number of pages (images) for the document. |
| **Metadata – Email Only** | |
| From | Identifies the sender of an email ("From"). |
| To | Identifies all recipients of an email ("To"). |
| CC | Identifies all individuals copied on an email ("Cc" or "Copied To"). |
| BCC | Identifies all individuals blind copied on an email ("Bcc" or "Blind |
| Subject | Identifies the subject line of an email. |
| Date Sent | Identifies the date an email was sent (if present/applicable). |
| Date Received | Identifies the date an email was received (if present/applicable). |
| Attachment Count | Identifies the number of attachments to an email. |
| Attachment Names | Identifies the file names of all attachments to an email. |
| **Metadata – Electronic Files/Attachments Only** | |
| File Name | The file name of a document. |
| File Extension | Identifies the extension of the file. |
| Author | Identifies the author of a document. |
| Date Created | Identifies the date the document was first created (if present/applicable) |
| Date Last Modified | Identifies the date the document was last modified (if present/applicable) |

30272630v1