**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| CONTINENTAL INTERMODAL GROUP – TRUCKING LLC<br>Plaintiff,<br><br>v.<br><br>SAND REVOLUTION LLC,<br>SAND REVOLUTION II, LLC<br>Defendants. | ) | Case No. 7:18-cv-00147-ADA |

**MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS**

Defendants Sand Revolution LLC and Sand Revolution II, LLC (collectively, "Defendants") move the Court for an order granting leave to Defendants to formally serve their amended Final Invalidity Contentions ("Defendants' amended contentions") (submitted herewith). The parties met and conferred on January 8, 2020. Plaintiff opposes this Motion,[1] while Defendants consent to an order allowing both parties to formally serve their respective amended contentions.

## I. Background

On August 30, 2019, Plaintiff Continental Intermodal Group – Trucking LLC ("Plaintiff") served its Final Infringement Contentions. On November 1, 2019, at Defendants' request to clarify its various infringement positions, Plaintiff amended its Final Infringement Contentions to supplement and update its legal theories ("Plaintiff's amended contentions"). As amended, those contentions set forth two mutually exclusive literal-infringement theories, each with a corresponding Doctrine of Equivalents theory. The amended contentions advance new substantive

[1] The contentions submitted herewith remove several references and combinations from the one Plaintiff opposed. Based on Plaintiff's statement that it would oppose any new references or combinations, Defendants reasonably believe this filing is opposed and ripe for adjudication by the Court.

positions compared to Plaintiff's original final contentions, replacing one literal-infringement theory with another. Plaintiff did not seek leave of Court to serve its amended contentions, but Defendants would not oppose an order granting leave.

After receiving Plaintiff's amended contentions and identifying new substantive positions within it, Defendants updated their prior-art search so as to be commensurate with Plaintiff's asserted claim scope, drafted detailed claim charts to supplement their own contentions, and corrected errors in three previous claim charts. Defendants provided a draft version of their amended contentions to Plaintiff on December 27, 2019. A copy of Defendants' proposed Updated Final Invalidity Contentions, which contains no new matter over the draft provided to Plaintiff, is attached as Exhibit A.

## II. Argument

Defendants' amended contentions address new substantive positions raised by Plaintiff's amended contentions. Granting both parties leave to serve their respective amended contentions would allow the parties to fully litigate *all* issues surrounding prior art and validity in this case, rather than limit Defendants to a subset of prior art designed to address an outdated version of Plaintiff's infringement positions. A full resolution of the issues furthers the interests of justice and judicial economy. Granting leave would not delay any aspect of the litigation and would not prejudice Plaintiff, as it received Defendants' updated contentions within the 60-day window customarily afforded for providing responsive contentions.

In response to Plaintiff's assertion that its amended Final Infringement Contentions contain no substantive changes, Defendants identified to Plaintiff the new subject matter in Plaintiff's amended contentions. Defendants also explained how their own amended contentions address that new subject matter.

For example, Plaintiff's amended contentions of November 1, 2019, were the first to sufficiently identify the metes and bounds of the alleged "mobile storage module" and "delivery module." Plaintiff's amended contentions allege, for the first time, that a conveyor belt alone—suspended inside the frame of Defendants' base trailer—corresponds to the claimed delivery module. The converse is therefore also true: Plaintiff's amended contentions allege, for the first time, that Defendant's silo trailer and the entire framework of Defendants' base trailer together correspond to the claimed mobile storage module. As another example, Plaintiff's amended contentions allege that a "module," particularly the claimed mobile storage module and delivery module, can correspond to one collection of components during transportation but another collection of components during operation. Finally, Plaintiff's amended contentions apply the doctrine of equivalents to each of Plaintiff's two separate infringement theories.

These changes impact the application of various claim elements. Previously, for example, Plaintiff's contentions provided no explanation to support its contention that Defendants' silo trailer (the accused mobile storage module) is "pivotally coupled" to a frame of the module. In its updated contentions, Plaintiff clarified its allegation that the framework and pivotal connection is found entirely outside of the silo trailer, explaining that a "portion of the frame of the base unit" is "pivotably coupled to the remainder of the base unit," and that those portions of the base trailer correspond to elements of the claimed mobile storage module.

This clarification implicates Defendants' new invalidity positions, such as the one based on the *Astec Six Pack* prior-art system. That system discloses, among other things, a container that connects to a first framework that then pivots about a second framework (as opposed to a container that is directly and pivotably coupled to a frame). The clarification also implicates Defendants' new positions based on *Prior Art Garbage Truck Bodies*, a reference showing front-loading

garbage trucks that use pivoting arms to lift and dump garbage cans. Under Plaintiff's new theory, the garbage can is "pivotably coupled" to the frame of the garbage truck when the pivoting arms of the truck engage the garbage can. And although the garbage truck is separate from a garbage can, Plaintiff's amended contentions make clear—for the first time—that the claimed "mobile storage module" could be the truck itself, in transportation mode, and the truck plus the garbage can during operation.

Plaintiff has been on notice of the vast majority of Defendants' references since receiving Defendants' Final Invalidity Contentions on August 30, 2019, and more recently, through Defendants' supplemental document disclosures. The overall number of references and combinations set forth in Defendants' amended contentions flows from the multiple infringement theories advanced by Plaintiff and the assertion of 17 patent claims for each of those theories. Defendants have endeavored to limit the number of new references (three) and claim charts (two) and provided those to Plaintiff within 60 days of receiving Plaintiff's amended contentions. Granting leave to serve Defendants' amended contentions would not delay any deadline in this case. Therefore, Plaintiff will not be unfairly burdened by the addition of these references.

## III. Relief Requested

Defendants respectfully request that the Court grant Defendants' Motion for Leave to Amend their Invalidity Contentions.

Respectfully submitted,

DATED: January 15, 2020

*/s/ Armon B. Shahdadi*

Armon B. Shahdadi (admitted *pro hac vice*)
Manoj S. Gandhi (TX Bar No. 24055518)
J. Josh Clayton (admitted *pro hac vice*)
Brannon C. McKay (admitted *pro hac vice*)
Benjamin D. Bailey (admitted *pro hac vice*)
Leonard J. Weinstein (admitted *pro hac vice*)
CLAYTON, MCKAY & BAILEY, PC
800 Battery Ave. SE, Ste. 100
Atlanta, GA 30339
Telephone: (404) 353-1628
Facsimile: (404) 704-0670
armon@cmblaw.com
manoj@cmblaw.com
josh@cmblaw.com
brannon@cmblaw.com
ben@cmblaw.com
leonard@cmblaw.com

James D. Stein (admitted *pro hac vice*)
Lee & Hayes, PC
75 14th Street, Ste. 2500
Atlanta, Georgia 30309
Telephone: (404) 815-1900
Facsimile: (509) 323-8979
james.stein@leehayes.com

Michael C. Smith (TX Bar No. 18650410)
SIEBMAN, FORREST, BURG & SMITH, LLP
113 E. Austin Street
Marshall, TX 75671
Telephone: (903) 938-8900
Facsimile: (214) 387-9125
michaelsmith@siebman.com

*Counsel for Defendants Sand Revolution LLC and Sand Revolution II, LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 15, 2020, a true and correct copy of the above and foregoing document was electronically filed in compliance with Local Rule CV-5(a)(1). As such, this document was served on all counsel who have consented to electronic service.

Travis W. McCallon
Luke M. Meriwether
Eric D. Sidler
2345 Grand Boulevard, Suite 2200
Kansas City, MO 64108
Tel: 816.292.2000
Fax: 816.292.2001
tmccallon@lathropgage.com
lmeriwether@lathropage.com
esidler@lathropgage.com

*Counsel for Plaintiff*

Andrew Harper Estes (TX Bar #00000083)
Lisa K. Hooper (TX Bar #24047282)
LYNCH, CHAPPELL & ALSUP
300 N. Marienfeld
Suite 700
Midland, TX 79701
Tel: 432.683.3351
Fax: 432.683.2587
hestes@lcalawfirm.com
lhooper@lcalawfirm.com

*Counsel for Plaintiff*

*/s/ Armon B. Shahdadi*
Armon B. Shahdadi (admitted *pro hac vice*)

*Counsel for Defendants Sand Revolution LLC and Sand Revolution II, LLC*